IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH AND MARY STOKES                                                         PLAINTIFFS

V.                              NO. 4:17-CV-425-KGB

EVERGREEN PARTNERSHIP; RPM COMMERCIAL, INC. d/b/a
COLDWELL BANKER COMMERCIAL, RPM;
RECTOR PHILLIPS MORSE, INC. d/b/a RPM GROUP; AND
ST. VINCENT INFIRMARY MEDICAL CENTER d/b/a
ST. VINCENT MEDICAL CLINIC MIDTOWNE                                      DEFENDANTS

**DEFENDANTS RPM COMMERCIAL, INC. d/b/a COLDWELL BANKER COMMERCIAL, RPM AND RECTOR PHILLIPS MORSE, INC. d/b/a RPM GROUP'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF STANDING**

Separate Defendants, RPM Commercial, Inc. d/b/a Coldwell Banker Commercial, RPM ("RPM Commercial") and Rector Phillips Morse, Inc. d/b/a RPM Group ("RPM Group") (collectively the "RPM Defendants"), hereby move for entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on Plaintiffs' claim under Title III of the Americans With Disabilities Act ("ADA") and for dismissal under Fed. R. Civ. P. 12(h)(3) for lack of standing and state as follows:

1.  Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings have closed, with Rule 12(h)(2)(B) giving a party the right to file a motion based upon failure to state a claim upon which relief may be granted under Rule 12(c). A motion making a facial challenge to standing may be brought as a Rule

1

12(b)(1) motion for failure to state a claim upon which relief may be granted. In addition, under Fed. R. Civ. P. 12(h)(3), if at any time the court determines it lacks subject matter jurisdiction, it must dismiss the action.

2. To state a prima facie claim under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability; and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. See 42 U.S.C. § 12182(a) and (b)(2)(A)(ii); *Amir v. St. Louis University*, 184 F.3d 1017, 1026 (8th Cir. 1999).

3. Neither plaintiff has sufficiently alleged the elements of an ADA claim, with Plaintiff Mary Stokes failing to allege any elements required by the ADA. Plaintiffs also failed to plead any facts to support a finding that the RPM Defendants are "operators" of a public accommodation, namely the subject premises and parking lot. A leasing agent does not "operate" a building or parking lot but instead acts as agent for the owner in leasing the property. Further, the Amended Complaint lacks sufficient facts to confer standing for the extraordinary remedy of injunctive relief.

4. As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a complaint must do more than allege a formulaic recitation of the prima facie case. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. A court is not required to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v.*

*Iqbal, et al.*, 556 U.S. 662, 678 (2009) (threadbare recitals of a cause of action, supported by mere conclusory allegations, do not suffice).

5. The only allegation that relates to Plaintiff Mary Stokes is that Mr. Stokes accompanied her on her visit to the St. Vincent Medical Clinic Midtowne ("St. Vincent Clinic") when he fell and was injured. She alleges no disability and no adverse action or injury to herself and her ADA claim fails as a matter of law. Mr. Stokes also fails to sufficiently allege a disability under the ADA because he fails to allege a physical or mental impairment that is substantially limiting.

6. Plaintiffs' bare allegation that the RPM Defendants "operate the leasing" of the property is an attempt to use the term operate in order to come within the ADA's parameters for defendants. However, there are no other allegations beyond this statement and managing the leasing of a property does not make an entity an operator of a property. A leasing agent (it is public knowledge that RPM is a real estate broker and a company that acts as agent in selling, buying and leasing property in the Little Rock area) is not an operator under the ADA, which provides that with respect to barrier removal claims only an owner, lessor, lessee or operator of a premises may be liable. Plaintiffs also do not allege any harm that arises from the activities of leasing the property. They allege barriers to access regarding the slope and an "indentation" in the parking lot.

7. Plaintiffs also lack standing to seek injunctive relief under the ADA and for that reason their Amended Complaint should be dismissed. When injunctive relief is sought, a plaintiff must show a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). An

allegation of a past injury does not show a present case or controversy if not accompanied by continuing, present effects to the plaintiffs. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

8. When seeking an injunction under Title III of the ADA, a plaintiff must plead some facts to show that the complained of injury is a present, continuing one. In this case, Plaintiffs only allege one past visit to the St. Vincent Clinic and they make no other factual allegations showing an actual, imminent harm.

9. For the foregoing reasons, and as set forth more fully in the accompanying brief in support of this motion, the RPM Defendants are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for dismissal under Fed. R. Civ. P. 12(h)(3).

Respectfully submitted,

**BARBER LAW FIRM PLLC**
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175/501-375-2802 (Fax)

BY: */s/ Georgia Robinette*
Georgia Robinette, AR Bar Number 98226
Email: grobinette@barberlawfirm.com
Jack S. Cherry, Jr., AR Bar Number 66012
Email: jcherry@barberlawfirm.com
Scott M. Strauss, AR Bar Number 92009
Email: sstrauss@barberlawfirm.com

*Attorneys for Separate Defendants,*
*RPM Commercial, Inc. d/b/a*
*Coldwell Banker Commercial, RPM and*
*Rector Phillips Morse, Inc. d/b/a RPM Group*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this, the 9th day of February, 2018, a true and correct copy of the foregoing pleading was served electronically via the Court's electronic case filing system, CM/ECF, upon the following individuals:

Timothy O. Dudley, Esq.
114 South Pulaski Street
Little Rock, Arkansas 72201
todudley@swbell.net

Danny R. Crabtree, Esq.
114 South Pulaski Street
Little Rock, Arkansas 72201
danny.crabtree@sbcglobal.net

Tim Boone, Esq.
Sarah Greenwood, Esq.
Munson, Rowlett, Moore & Boone, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
tim.boone@mrmblaw.com
sarah.greenwood@mrmblaw.com

             */s/ Georgia Robinette*
             Georgia Robinette
             grobinette@barberlawfirm.com